UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

HOWARD TIM DAVIS,                           Case No. 15-CV-2455 (SRN/FLN)

          Plaintiff,

v.                                          REPORT AND RECOMMENDATION

JAMES STREET,

          Defendant.

---

Plaintiff Howard Tim Davis has filed a notice of removal of an action brought by Davis in Ramsey County Conciliation Court. *See* ECF No. 1. This matter, however, must be remanded to state court.

Under 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Davis's notice of removal fails § 1441(a) in two respects:

First, Davis is not a defendant to the state-court action. Instead, Davis initiated the Ramsey County litigation he is attempting to remove to this District. Section 1441(a) is clear that an action may be removed to federal court only "by the defendant or the defendants." *See also Geiger v. Arctco Enterprises, Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear beyond peradventure of a doubt that the right of removal is vested exclusively in defendants. A plaintiff simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a)

and 1446(a), as plaintiffs sought to do here."). Because Davis is the plaintiff in the Ramsey County litigation, he may not remove that litigation to federal court.

Second, there is no reason to believe that this Court has original jurisdiction over the claims raised in the state court litigation, as is required under § 1441(a). According to the "Statement of Claim" filed by Davis in state court, less than $75,000 is at stake in this litigation, *see* ECF No. 1-1, so Davis may not invoke 28 U.S.C. § 1332. Moreover, it does not appear that this litigation presents any questions of federal law; although Davis alleges that defendant James Street violated his oath of office, it is unclear why this violation (if true) would amount to a violation of the constitution or federal law, as there is no indication from the documents filed by Davis that Street is a federal officer. Accordingly, Davis may not invoke 28 U.S.C. § 1331 as a jurisdictional basis, either.

Because Davis may not remove a state-court action he has initiated as plaintiff, and because this Court lacks original jurisdiction over the matters at issue in the state-court litigation Davis seeks to remove, it is recommended that this matter be summarily remanded to the Ramsey County Conciliation Court.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this action be REMANDED to the Ramsey County Conciliation Court.

Dated: May 20 , 2015                       *s/Franklin L. Noel*
                                           Franklin L. Noel
                                           United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.